■ DAVID HELLER, Respondent-Appellant, v PATRICIA HELLER, Individually and as Executrix of ALFRED HELLER, Deceased, Appellant-Respondent. [628 NYS2d 177] —In an action, *inter alia,* for a judgment declaring the plaintiff's rights in Perfect Manufacturers Supply Co. under a partnership agreement between the plaintiff and the defendant's deceased husband, (1) the defendant appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Nassau County (Christ, J.), entered October 5, 1992, as granted the plaintiff's motion for summary judgment, declared that the partnership agreement is valid, and declared that the plaintiff is the sole owner of Perfect Manufacturers Supply Co., and (2) the plaintiff cross-appeals from so much of the judgment as failed to declare and adjudge that the defendant, individually and as preliminary executrix of the decedent's estate, has no right to any interest in or any portion of the value of Perfect Manufacturers Supply Co.

Ordered that the cross appeal is dismissed as abandoned; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

A partnership agreement which provides that, upon the death of one partner, his interest shall pass to the surviving partner, lies in contract, and is unquestionably valid *(see, Matter of Hillowitz,* 22 NY2d 107, 109; *Matter of Gross,* 35 AD2d 830, *affd* 29 NY2d 739). Additionally, where the terms of a provision are clear and unambiguous, the intent of the parties must be determined in accordance with that language *(Chase v Skoy,* 146 AD2d 563; *Carvel Corp. v Rait,* 117 AD2d 485).

In this case, the partnership agreement, read as a whole, clearly manifests an intent to give the plaintiff sole ownership of Perfect Manufacturers Supply Co. in the event the decedent predeceased him. Since the plaintiff proffered sufficient evidence to demonstrate that no triable issues of fact existed, and the defendant's papers in opposition were insufficient to demonstrate that the partnership agreement was not in existence at the time of the decedent's death, summary judgment was properly granted *(see, Zuckerman v City of New York,* 49 NY2d 557). Sullivan, J. P., Miller, Pizzuto and Friedmann, JJ., concur.