■ HAL REIFF, Appellant, v MICHAEL J. SHIFREL, Respondent, et al., Defendants. [702 NYS2d 362] —In an action, *inter alia,* to recover damages for breach of fiduciary duty, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Fredman, J.), dated January 15, 1999, which, upon the denial of his motion to set aside a jury verdict and for judgment as a matter of law, is in favor of the defendant Michael J. Shifrel and against him, dismissing the complaint insofar as asserted against that defendant.

Ordered that the judgment is reversed, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Westchester County, for entry of a judgment in favor of the plaintiff and against the defendant Michael J. Shifrel in the principal sum of $150,000, and for computation of interest.

Based upon the evidence presented at trial, there is no rational process by which the jury could have found that the defendant Michael J. Shifrel did not breach his fiduciary duty to the plaintiff (*see, Szczerbiak v Pilat,* 90 NY2d 553, 556).

Shifrel clearly engaged in self-dealing, placing his personal interests in conflict with those of the partnership, and therefore violated his fiduciary obligations to the plaintiff, his partner (*see, Birnbaum v Birnbaum,* 73 NY2d 461, 466). Consequently, the plaintiff is entitled to recover his share of the funds acquired by Shifrel (*see,* Partnership Law § 43). Accordingly, the trial court should have granted the plaintiff's motion to set aside the jury verdict and for judgment as a matter of law.

In light of our determination, it is unnecessary to address the plaintiff's remaining contentions. Mangano, P. J., Thompson, Altman and Luciano, JJ., concur.