■ ESTATE OF FLORA M. GARDNER, Appellant, v ANTHONY CARSON, Defendant and Third-Party Plaintiff-Respondent, et al., Defendant. ALAN GARDNER, Third-Party Defendant-Appellant. [705 NYS2d 431] —Graffeo, J. Appeal from an order of the Supreme Court (Dawson, J.), entered March 24, 1999 in Essex County, which granted a motion by third-party plaintiff for partial summary judgment seeking to compel third-party defendant to comply with the withdrawal provision of a partnership agreement.

In June 1989 third-party defendant, Alan Gardner, and his brother-in-law, defendant Anthony Carson, entered into a partnership agreement for the purpose of operating a gravel pit on a 10-acre parcel in Essex County owned by Gardner's mother and leased to the partnership. The lease was for a 10-year term with an option to renew for two additional 10-year terms. The first payment by the lessees was to be made 30

days after the partnership received State and local approvals to operate the gravel pit. Gardner attempted to obtain the necessary permits required to begin operations at the quarry, but in the absence of approvals, the extraction of minerals never commenced. Gardner's mother died in 1993 and he acquired her interest in the property. A year later Gardner commenced this action, on behalf of the estate of his mother, to declare the lease a nullity and to quiet title on the property in order to sell the quarry. Carson answered and interposed a third-party claim seeking an accounting of the partnership and asserting that Gardner had breached his fiduciary duty by engaging in self-dealing.

In October 1997 Carson sent notice to Gardner of his withdrawal from the partnership pursuant to the terms of the partnership agreement. Carson then served an amended third-party complaint seeking, *inter alia*, the enforcement of the withdrawal provision of the partnership agreement, an accounting and damages in relation to the payment of taxes on the property. In response to Carson's motion for partial summary judgment on the enforcement claim, Supreme Court required the parties to conduct depositions within 60 days and ordered Gardner to make an offer to purchase Carson's partnership equity in accordance with the agreement at the expiration of that time period. Gardner and plaintiff now appeal.

The rights and obligations of parties to a partnership may be fixed by agreement (*see, Silverman v Caplin*, 150 AD2d 673, 674, *appeal dismissed* 74 NY2d 793), and where the terms are unambiguous, the intent of the parties must be ascertained in accordance with the language of the agreement (*see, Heller v Heller*, 216 AD2d 355, 356; *Teal v Place*, 85 AD2d 788, 789-790). Paragraph 9 of the partnership agreement provides that: "In the event any partner wishes to withdraw from the partnership for any reason other than death, he shall notify the remaining partners, in writing, and the remaining partners within fifteen (15) days from receipt of said notice shall make an offer to purchase the equity of the partner wishing to withdraw. If such offer is unacceptable to the partner wishing to withdraw, he shall be bound to purchase the equities of the remaining partnrs [*sic*] upon the same terms and conditions as the offer made to him."

Supreme Court correctly determined that paragraph 9 is unambiguous and requires a partner to convey an offer to purchase the equity of the withdrawing partner. There is no indication in the record that the partnership was terminated, and therefore, because Carson provided notice of his with-

drawal, Gardner is obligated under the agreement to make an offer to purchase his partner's equity. Accordingly, Supreme Court properly granted partial summary judgment declaring the withdrawal provision binding.

We do, however, modify the time frame in which Supreme Court ordered the offer to be made. When Carson gave notice of his intent to withdraw from the partnership, this protracted litigation regarding partnership assets was well underway. Under the circumstances, it would be premature to require Gardner to formulate a purchase offer until the parties' other claims are adjudicated and the extent of partnership assets, if any, have been determined. At such time, Supreme Court may direct Gardner to make an offer pursuant to paragraph 9 of the partnership agreement.

We reject Gardner's contention that Carson's claim for enforcement of the withdrawal provision, the only claim presently before this Court, is time barred. The claim was clearly timely because it was commenced within months of Carson's notice of intent to invoke the provision, well within the applicable limitations period (*see*, CPLR 213).

The parties' remaining contentions have been considered and are found to be lacking in merit.

Mercure, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as directed plaintiff to make an offer at the expiration of the 60-day period, and, as so modified, affirmed.