■ JOHN J. CARELLA et al., Individually and as Limited Partners on Behalf of SCHOLET BUILDING ASSOCIATES, Appellants, v RICHARD L. SCHOLET et al., Individually and as General Partners of SCHOLET BUILDING ASSOCIATES, et al., Respondents. [773 NYS2d 763]—

Crew III, J. Appeal from a judgment of the Supreme Court (McNamara, J.), entered September 4, 2003 in Albany County, which partially granted defendants' motions for summary judgment dismissing the complaint.

Defendants Richard L. Scholet and Jean R. Scholet were the owners of a building on Main Street in the Town of Cobleskill, Schoharie County, out of which they operated a furniture business. In 1979, the Scholets borrowed $450,000 from Marine Midland Bank subject to a mortgage and used the proceeds to renovate the Main Street building. When the furniture business began experiencing financial difficulties and the Scholets were unable to meet the debt service on their loan, they consulted plaintiff John J. Carella, an accountant, for advice. Carella suggested a restructuring of the Scholets' business whereby they would transfer the Main Street property to a limited partnership and then lease the property back to the furniture business. The partnership would then make the mortgage payments from rent payments from the lease and capital contributions from members of the partnership. In return for their capital contributions, the partners would be able to claim a portion of the building's depreciation deductions, thereby sheltering their personal income to the extent that the partners saved substantially more than the cost of their contributions. Accordingly, Scholet Building Associates, a limited partnership, was formed consisting of the Scholets as general partners and Carella and plaintiff Denzil A. Sequeira as limited partners.

The underlying partnership agreement provided, inter alia, that the limited partners would each make annual capital contributions of $6,750 and the general partners each would contribute $750 annually. In return for their much larger contributions, the limited partners received 90% of the building's allowable depreciation deduction. The partnership agreement also provided that the limited partners could cease making capital contributions at any time. And so, in or around 1988, when the Tax Law was amended preventing the limited partners from further taking advantage of the tax shelter, they ceased making capital contributions. As a consequence, the Marine Midland mortgage again became in default.

The Scholets' son, defendant Arthur Scholet, who had by then taken over the furniture business, contacted defendant Konta & Haslun, the accountants for the partnership, to explore ways in which to salvage the business from yet another financial setback. It ultimately was determined that Arthur Scholet

should buy the building from the partnership, obtain a new loan from defendant NBT Bank, N.A., and satisfy the existing mortgage and effect some needed improvements to the building with the proceeds therefrom. With the assistance of defendant Michael West, an attorney with defendant law firm Parshall & West, Arthur Scholet, in the form of defendant Scholet Realty, LLC, took title to the building, and plaintiffs received approximately $15 as their proceeds from the liquidation of the partnership.

Plaintiffs thereafter commenced this action against the Scholets for breach of their fiduciary duties to the limited partners and asserted a derivative action on behalf of the partnership for failing to collect rents pursuant to the lease against (1) defendant Jeffrey D. Haslun, an accountant, and Haslun & Konta for professional malpractice and aiding and abetting the tortious acts of the Scholets, (2) Arthur Scholet for aiding and abetting the tortious acts of his parents and (3) West and his law firm for aiding and abetting the tortious acts of the Scholets. Thereafter, inasmuch as the complaint sought to set aside the sale of the building to Scholet Realty, NBT Bank, as holder of the extant mortgage, was added as a necessary party. Defendants moved for summary judgment dismissing the complaint and Supreme Court partially granted the motions to the extent of dismissing all of the first, third, fifth, sixth and seventh causes of action and portions of the second and fourth causes of action. Plaintiffs now appeal.

The gravamen underlining most of the causes of action in the complaint is that the Scholets sold the Main Street building to their son at a price far below market value and, in so doing, engaged in an act of self-dealing in breach of their fiduciary duties to plaintiffs. While it is true, as urged by plaintiffs, that partners are accountable as fiduciaries and owe a duty of good faith and fairness to their partners (*see Pace v Perk*, 81 AD2d 444, 453 [1981]), the parties to a partnership may include in the partnership articles any agreement they wish, including contemplated and authorized self-dealing (*see Riviera Congress Assoc. v Yassky*, 18 NY2d 540, 548 [1966]), and the agreement as so written controls (*see Lanier v Bowdoin*, 282 NY 32, 38 [1939]). Here, the partnership agreement provided, in relevant part, that: "The Limited Partners consent to *any* sale or other disposition . . . by the General Partners on behalf of the partnership of any or all of the partnership's assets, now or hereafter acquired, *on such terms and conditions as may be determined by the General Partners* . . . notwithstanding that any party hereto may have an interest therein" (emphasis add-

ed). That clear and unambiguous language plainly permitted the sale that is the subject of this litigation, and any cause of action in the complaint predicated upon a breach of fiduciary duties by reason of such self-dealing was properly dismissed.

We reach a different conclusion with regard to plaintiffs' contention that Supreme Court improperly dismissed the first cause of action. That cause of action, brought on behalf of the partnership, alleges that the Scholets wrongfully allowed Scholet Furniture, Inc. to remain in the building despite the fact that it failed to pay rents in accordance with its lease. Plaintiffs correctly point out that this cause of action is derivative only and, as such, Supreme Court erred in dismissing it pending an accounting (*see* Partnership Law § 115-a; *Chamberlain v Amato*, 259 AD2d 1048, 1049 [1999]).

Plaintiffs next contend that Supreme Court erred in dismissing the fourth cause of action alleging accountant malpractice on statute of limitations grounds because the continuous representation rule tolls the statute. We need note only that plaintiffs did not raise such contention in Supreme Court and, thus, may not now raise it here (*see Hopper v Lockey*, 241 AD2d 892, 893-894 [1997]). However, as correctly pointed out by plaintiffs, their claims for malpractice clearly cannot be time-barred as to those acts that allegedly occurred three years or less from the inception of the instant action. Thus, any claims for tax years 1998 forward cannot be time-barred and must be reinstated. We have considered plaintiffs' remaining contentions and find them to be unpersuasive.

Cardona, P.J., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as granted defendants' motions dismissing the first cause of action and that part of the fourth cause of action alleging any malpractice relating to tax years 1998 and forward; motions denied to that extent; and, as so modified, affirmed.