■ STERLING FIFTH ASSOCIATES, Appellant-Respondent, v CARPENTILLE CORPORATION, INC., Respondent, and LODINA CORPORATION N.V., Respondent-Appellant. (And a Third-Party Action.) [779 NYS2d 485]—

Order, Supreme Court, New York County (Karla Moskowitz, J.), entered December 5, 2003, which, to the extent appealed from, granted defendant Lodina Corporation's motion to dismiss the fourth, fifth and sixth causes of action of the amended complaint but denied that portion of the motion seeking to dismiss the first cause of action, and declared that Carpentille's notice of proposed sale complied with the partnership agreement and was not otherwise vague and ambiguous, unanimously modified, on the law, to the extent of granting that part of the motion seeking to dismiss the first cause of action, and otherwise affirmed, without costs.

On a motion to dismiss pursuant to CPLR 3211 (a) (7), where the task is to determine whether the pleadings state a cause of action, the complaint must be liberally construed, the allegations must be taken as true, and all reasonable inferences must be resolved in favor of the plaintiff (*see Cron v Hargro Fabrics*, 91 NY2d 362, 366 [1998]). However, on a motion to dismiss pursuant to CPLR 3211 (a) (1), where allegations are contradicted by documentary evidence, they are not presumed to be true or

granted every favorable inference inasmuch as "the interpretation of an unambiguous contract is a question of law for the court, and the provisions of the contract delineating the rights of the parties prevail over the allegations set forth in the complaint" (*Ark Bryant Park Corp. v Bryant Park Restoration Corp.*, 285 AD2d 143, 150 [2001]). Where, as here, "the terms are unambiguous, the intent of the parties must be ascertained in accordance with the language of the agreement" (*Estate of Gardner v Carson*, 271 AD2d 721, 722 [2000]).

While the partnership agreement limited the ability of the partners to sell the property that was the partnership's sole asset during the "standstill period," the motion court properly found that section 8.4 expressly permitted a partner to propose a sale at the conclusion of that period, and that Carpentille's proposed sale did not violate the contractual requirements of the partnership agreement. Nor did the proposed sale violate the forbearance clause of the Lodina note, since it was understood that all debts would be satisfied from the proceeds of the sale, and the partners were at all times aware of Carpentille's relationship to Lodina. Thus, the motion court properly dismissed the fourth, fifth and sixth causes of action.

On the other hand, the motion court incorrectly found that the complaint adequately alleged breach of fiduciary duties by Carpentille and the aiding and abetting of same by Lodina, based on the possibility that Carpentille had "engaged in self-dealing to the detriment of Sterling when Carpentille sought to sell the property for an amount that would result in no distributable cash to Sterling and no business benefits to the partnership but would benefit an entity [Lodina] that is admittedly closely related to Carpentille" citing, inter alia, *Richbell Info. Servs., Inc. v Jupiter Partners, L.P.* (309 AD2d 288, 302 [2003] ["even where one has an apparently unlimited right under a contract, that right may not be exercised solely for personal gain in such a way as to deprive the other party of the fruits of the contract. This limitation on an apparently unfettered contract right may be grounded . . . on the construction of the parties' fiduciary obligations"]).

This case, however, differs from *Richbell*, where there existed a "secret agreement," and the Court found that the defendant exercised a right malevolently for its own gain and to deprive plaintiffs of the benefit of the joint venture (*id.*). Here, there was no "secret agreement" between Lodina and Carpentille; their affiliation was fully disclosed to the partnership, and the terms of the partnership agreement reflect the parties' intention to keep the partnership intact for a defined standstill pe-

riod only, after which any partner was free to propose a sale. In addition, the contract did not specify that a sale after the standstill period must be executed at a profit. Finally, there is no detriment to Sterling from a sale at an unprofitable price since the contract included two right-of-refusal provisions, which included the option to purchase the property on the same terms or, in the alternative, to purchase Carpentille's interest in the partnership and the Lodina note as a package deal, leaving Sterling free to continue in the partnership.

While partners are ordinarily limited by their fiduciary duties to the partnership and their other partners from engaging in self-dealing, partners may include in their partnership agreement " 'any agreement they wish' (*Lanier v. Bowdoin*, 282 N. Y. 32, 38) and, if the asserted self-dealing was actually contemplated and authorized, it would not, *ipso facto*, be impermissible and deemed wrongful" (*Riviera Congress Assoc. v Yassky*, 18 NY2d 540, 548 [1966] [citations omitted]). Concur—Andrias, J.P., Ellerin, Williams and Gonzalez, JJ.