■ JOHN J. CARELLA et al., Individually and as Limited Partners on Behalf of SCHOLET BUILDING ASSOCIATES, Respondents, v RICHARD L. SCHOLET et al., Individually and as General Partners of SCHOLET BUILDING ASSOCIATES, Appellants, et al., Defendants. [824 NYS2d 185]—

Kane, J. Appeal from an order of the Supreme Court (Mc-Namara, J.), entered October 6, 2005 in Albany County, which, inter alia, partially granted plaintiffs' motion for summary judgment.

Defendants Richard L. Scholet and Jean R. Scholet owned a building in the Town of Cobleskill, Schoharie County, out of which they operated a furniture business. When the business began experiencing financial difficulties, they restructured the business by transferring the building to a limited partnership, Scholet Building Associates, which would lease the building back to the furniture business. The Scholets were general partners and plaintiffs were limited partners. Plaintiffs made annual capital contributions to the partnership and received a portion of the depreciation deductions generated by the property. After several years, plaintiffs ceased making annual contributions, as they were permitted to do under the partnership agreement. The furniture business failed to make regular rent payments to the partnership, which then failed to make regular mortgage payments. Due to this financial situation, the general partners sold the building and distributed approximately $15 to each plaintiff as their proceeds from the partnership's liquidation.

Plaintiffs commenced this action alleging, among other things, that the Scholets breached their fiduciary duty to the partnership. Following Supreme Court's partial grant of defendants' motions for summary judgment, this Court previously modified and restored some causes of action (5 AD3d 972 [2004]). Upon remittal, defendants supplied a general accounting to plaintiffs. Plaintiffs objected to the vagueness of the accounting and moved for summary judgment as well as a revised accounting. Several defendants cross-moved for summary judgment dismissing the remaining causes of action. Supreme Court granted plaintiffs' motion on the remaining portions of their first and second causes of action, denied said defendants' cross motion and ordered defendants to provide a further accounting of the partnership affairs. The Scholets appeal.

Questions of fact exist regarding whether the Scholets were liable to the partnership for a breach of fiduciary duty due to their failure to collect rent payments from their furniture business. General partners owe a fiduciary duty to limited partners and are obligated not to engage in self-dealing, unless the partnership agreement permits such self-dealing (see Partner-

ship Law § 43; *Riviera Congress Assoc. v Yassky*, 18 NY2d 540, 548 [1966]; *Sterling Fifth Assoc. v Carpentille Corp., Inc.*, 9 AD3d 261, 263 [2004]; 5 AD3d 972, 974, *supra* [2004]). Our prior decision in this case held that the parties' partnership agreement permits self-dealing in the sale or lease of partnership property (5 AD3d 972, 974, *supra* [2004]). While the agreement granted the Scholets the authority to sell or lease partnership property on "such terms and conditions as may be determined by the General Partners," the record does not clearly delineate the terms of the rental agreement between the partnership and the furniture business. If the general partners entered into, and abided by, a rental agreement that made concessions and allowed noncollection of rent for periods when the furniture business was experiencing financial difficulties, the Scholets did not breach any fiduciary duty.

On the other hand, if the rental agreement called for the collection of a set amount of rent each month, failure to abide by the "terms and conditions" of that contract may establish a violation of an obligation under the partnership agreement, tantamount to a breach of fiduciary duty. Under a rigid rental agreement, the Scholets, acting in dual capacities as owners of the furniture business and general partners in the limited partnership, may have breached their fiduciary duty by forgoing required rent payments to the benefit of their business and the detriment of the partnership, causing the partnership to miss mortgage payments and accrue interest charges (*see Birnbaum v Birnbaum*, 73 NY2d 461, 466 [1989]; *Reiff v Shifrel*, 268 AD2d 514, 514-515 [2000], *lv denied* 95 NY2d 760 [2000]). If the Scholets breached their fiduciary duty to the partnership, their furniture business was also liable for any damages flowing from that breach because the business, through the actions of its owners, knowingly participated in that breach of trust (*see Wechsler v Bowman*, 285 NY 284, 291 [1941]; *S & K Sales Co. v Nike, Inc.*, 816 F2d 843, 847-848 [1987]; *see also Snyder v Puente De Brooklyn Realty Corp.*, 297 AD2d 432, 437 [2002], *lv denied* 99 NY2d 506 [2003]). Because questions of fact exist, plaintiffs' motion for summary judgment should have been denied.

Supreme Court properly denied defendants' cross motion for summary judgment dismissing plaintiffs' cause of action concerning depreciation deductions. Contrary to the Scholets' contention that there are no damages because plaintiffs would not have been permitted to claim any deductions regardless of the accounting method used, plaintiffs contend that depreciation figures, if not deducted in any given year, could have been carried over to the year in which the partnership property was

sold. According to plaintiffs, under certain accounting methods the depreciation could have been used to offset partnership gains from the sale. These competing contentions create a question of fact, making summary judgment on this claim inappropriate.

Finally, upon dissolution of the partnership, plaintiffs were entitled to a full accounting, not just an abbreviated list of income and expenses (*see Shandell v Katz*, 95 AD2d 742, 743 [1983]; *see also* Partnership Law § 44; *Aaron v Aaron*, 2 AD3d 942, 944 [2003]).

Cardona, P.J., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiffs' motion for summary judgment on their first and second causes of action; motion denied; and, as so modified, affirmed.