09-3242-cv

*Cnty. of Oswego Indus. Dev. Agency v. Fulton Cogeneration Assocs., L.P.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of August, two thousand ten.

Present:
PIERRE N. LEVAL,
ROBERT D. SACK,
RICHARD C. WESLEY,
　　　　　*Circuit Judges*,

_____

COUNTY OF OSWEGO INDUSTRIAL DEVELOPMENT AGENCY,

　　　*Plaintiff-Appellee,*

　　　　　v.　　　　　　　　　　　　　　No. 09-3242-cv

FULTON COGENERATION ASSOCIATES, L.P., LIONS CAPITAL MANAGEMENT, LLC, ALSO KNOWN AS LION CAPITAL MANAGEMENT, LLC, FIMAB, PROMENEUR & HAUSMANN, INC.,

　　　*Defendant-Cross-Defendants,*

EL PASO MERCHANT ENERGY-PETROLEUM COMPANY, ANR VENTURE FULTON COMPANY,

　　　*Defendant-Cross-Claimant-Appellants.*

_____

For Defendant-Appellants:    DANIEL J. HURTEAU, Nixon Peabody LLP, Albany, NY

For Plaintiff-Appellee:    ROBERT B. LIDDELL, Hiscock & Barclay, LLP, Syracuse, NY

_____

Appeal from the United States District Court for the Northern District of New York (Mordue, *C.J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court dated July 16, 2009, be and hereby is **AFFIRMED**.

Appellants El Paso Merchant Energy-Petroleum Company and ANR Venture Fulton Company (jointly "El Paso") appeal the judgment of the United States District Court for the Northern District of New York (Mordue, *C.J.*) granting summary judgment to Appellee County of Oswego Industrial Development Agency ("COIDA"). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented on appeal.

We review a grant of summary judgment de novo. *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). Summary judgment is proper if "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). We may "affirm a decision on any grounds supported in the record, even if it is not one on which the trial court relied." *Thyroff v. Nationwide Mut. Ins. Co.*, 460 F.3d 400, 405 (2d Cir. 2006).

El Paso's primary argument is that the course of dealing between COIDA and Defendant Lions Capital Management, LLC ("Lions") released El Paso from its obligations to COIDA as a former partner of Defendant Fulton Cogeneration Associates, L.P. ("FCA"). El Paso argues that

FCA dissolved when El Paso sold its partnership interest in FCA to Lions and that therefore New York Partnership Law § 67(2) applies, under which a

> partner is discharged from any existing liability upon dissolution of the partnership by an agreement to that effect between himself, the partnership creditor and the person or partnership continuing the business; and such agreement may be inferred from the course of dealing between the creditor having knowledge of the dissolution and the person or partnership continuing the business.

N.Y. P'ship Law § 67(2). El Paso contends that because a factfinder could infer from the course of business between COIDA and Lions an agreement to discharge El Paso from its partnership obligations, a genuine issue of material fact exists regarding whether § 67(2) releases it from liability. COIDA responds, inter alia, that FCA never dissolved, and that as a result § 67(2) does not apply and a factfinder may not infer an agreement to release El Paso from the course of conduct between COIDA and Lions.

We agree with COIDA that because FCA never dissolved, El Paso remains liable for its partnership obligations. A limited partnership dissolves "at the time or upon the happening of events specified in the partnership agreement." N.Y. P'ship Law § 121-801(b). None of the dissolution events listed in FCA's partnership agreement occurred. FCA never sold off substantially all of its assets, as required for dissolution under § 12.3.1 of the partnership agreement. Although El Paso sold its stake in FCA to Lions, the "assets" to which the partnership agreement refers are not the partners' ownership stakes in the partnership, but assets owned by the partnership. *See* FCA P'ship Agreement § 12.4, J.A. 210 (providing that after dissolution the managing partner must "wind[] up the business of the Partnership and liquidat[e] the assets thereof . . . and distribut[e] the net assets of the Partnership to the Partners"); *accord*

-3-

*Carella v. Scholet*, 773 N.Y.S.2d 763, 765 (App. Div. 2004); *Capricorn Investors III, L.P. v. Coolbrands Int'l, Inc.*, 897 N.Y.S.2d 668, 2009 WL 2208339, at *10 (Sup. Ct. 2009). Sections 12.3.2 and 12.3.3 of the partnership agreement provide that FCA dissolves upon the withdrawal of a general partner, but not if the remaining partners elect a new general partner, which FCA's partners did, choosing Lions to succeed El Paso.

Because FCA did not dissolve, § 67(2) does not apply. Without the inference of agreement permitted by § 67(2), no basis exists for finding that COIDA entered into a binding agreement to abandon its rights against El Paso. Instead, the general rule that a former partner remains liable for partnership obligations existing at the time of its withdrawal applies. N.Y. P'ship Law § 121-705(a) ("The assignor of a partnership interest is not released from any liability under this article or the partnership agreement . . . ."). As a result, El Paso remains liable for FCA's obligations to COIDA.

In its reply and letter briefs, El Paso also argues that it has no liability for FCA's obligations under the Payment in Lieu of Taxes Agreement because Lions' cancellation of the agreement "changed the debt . . . to a future obligation," rather than a partnership obligation existing at the time of El Paso's withdrawal. Appellants' Letter Br. 2, March 22, 2010. However, El Paso did not raise this argument in its initial appellate brief. As a result, it has forfeited this argument. *O'Rourke v. United States*, 587 F.3d 537, 542 (2d Cir. 2009).

We have considered El Paso's other arguments and find them without merit.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

-4-