Order and judgment, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered September 6, 2012, which, to the extent appealed from, granted defendants’ motion for summary judgment declaring that plaintiffs have no leasehold interest in the subject premises after August 30, 2013, and, upon a search of the record, granted plaintiff Peter’s Emporium for Pets 1 LLC (Emporium) summary judgment on the issue of liability on the claim for breach of fiduciary duty as against defendant Pets Necessities, Ltd. (PNL), unanimously modified, on the law, to deny defendants’ motion, the declaration vacated, and otherwise affirmed, without costs.
On April 1, 2001, PNL and Emporium entered into a written partnership agreement forming plaintiff Peter’s Necessities for Pets L.E (Partnership), which would operate until the end of 2040. As part of the partnership agreement, PNL contributed *578 its rights and interests in the retail space it was subletting from defendant Center for Veterinary Care, P.C. (CVC); defendants Schwartz and Solomon owned CVC, as well as PNL.
In 2004, following a sale of the building, the parties prepared a formal sublease pursuant to which CVC would sublet the retail space to the Partnership until August 30, 2013. Sometime after the sublease was executed, Emporium learned that its partner in the venture, PNL, was making a profit from the sublease, as the sublease rent did not account for reductions in the rent as set out in the prime lease.
This action ensued, with the parties exchanging allegations of, inter alia, breach of contract and breach of fiduciary duty. Defendants also sought a declaration that the Partnership’s rights to the retail space will terminate with the sublease due to expire on August 30, 2013.
CVC is no longer the sublessor, and therefore it was not entitled to declaratory relief with respect to the duration of the sublease. The motion court properly searched the record and granted Emporium summary judgment on the breach of fiduciary duty claim. The failure of PNL to disclose the reductions in rent hints at self dealing by PNL. At a minimum, it is a clear conflict of interest (see Birnbaum v Birnbaum, 73 NY2d 461, 466-467 [1989]). Concur—Tom, J.P, Acosta, Renwick, DeGrasse and Richter, JJ.