Chipetine v Neu (2020 NY Slip Op 02454)





Chipetine v Neu


2020 NY Slip Op 02454


Decided on April 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2017-02979
 (Index No. 8300/12)

[*1]Bernard Chipetine, appellant, 
v
Kenneth S. Neu, et al., respondents.


Richard G. Handler, Amityville, NY, for appellant.
Brian J. Davis, P.C., Garden City, NY, for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of fiduciary duty, the plaintiff appeals from an order of the Supreme Court, Nassau County (Stephen A. Bucaria, J.), dated January 11, 2017. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint and denied that branch of the plaintiff's cross motion which was pursuant to CPLR 3025(b) for leave to amend the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages against his former partners in an accounting firm. The defendants moved, inter alia, for summary judgment dismissing the complaint. The plaintiff cross-moved, among other things, pursuant to CPLR 3025(b) for leave to amend the complaint. In an order dated January 11, 2017, the Supreme Court granted that branch of the defendants' motion and denied that branch of the plaintiff's cross motion. The plaintiff appeals.
We agree with the Supreme Court's determination granting that branch of the defendants' motion which was for summary judgment dismissing the complaint. The defendants established their prima facie entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). The elements of a cause of action to recover damages for breach of fiduciary duty are (1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct (see Weinberg v Picker, 172 AD3d 784, 788). Although as partners the defendants owed a fiduciary duty to the plaintiff (see Birnbaum v Birnbaum, 73 NY2d 461, 465; Gibbs v Breed, Abbott & Morgan, 271 AD2d 180, 184; Reiff v Shifrel, 268 AD2d 514, 515), the defendants demonstrated, prima facie, that there was no misconduct on their part that caused the plaintiff to sustain damages (see Feldmeier v Feldmeier Equip., Inc., 164 AD3d 1093; Staffenberg v Fairfield Pagma Assoc., L.P., 95 AD3d 873, 874). Additionally, the defendants established their prima facie entitlement to judgment as a matter of law dismissing so much of the complaint as alleged conversion (see R.U.M.C. Realty Corp. v JCF Assoc., LLC, 51 AD3d 993, 995) and as alleged unjust enrichment (see Anesthesia Assoc. of Mount Kisco, LLP v Northern Westchester Hosp. Ctr., 59 AD3d 473, 481). The plaintiff failed to raise a triable issue of fact in opposition to the defendants' prima facie showing.
Further, because the proposed amendments were palpably insufficient and patently devoid of merit, we agree with the Supreme Court's determination denying that branch of the plaintiff's cross motion which was for leave to amend the complaint (see CPLR 3025[b]; Abruscato v Allstate Prop. & Cas. Ins. Co., 165 AD3d 1209, 1212).
The plaintiff's remaining contention is without merit.
BALKIN, J.P., LEVENTHAL, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court