Woodmere Rehabilitation v Zafrin (2021 NY Slip Op 05040)





Woodmere Rehabilitation v Zafrin


2021 NY Slip Op 05040


Decided on September 22, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 22, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2019-10539
 (Index No. 602487/15)

[*1]Woodmere Rehabilitation and Health Care Center, Inc., respondent-appellant, 
v
Mark Zafrin, et al., defendants-respondents, Walter Eisenberg, etc., et al., appellants-respondents.


Campolo, Middleton & McCormick, LLP, Ronkonkoma, NY (Patrick McCormick, Meghan M. Dolan, and Richard A. DeMaio of counsel), for appellants-respondents.
Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, Lake Success, NY (Robert Spolzino, Howard Fensterman, and John S. Cahalan of counsel), for respondent-appellant.
Rivkin Radler LLP, Uniondale, NY (Cheryl F. Korman of counsel), for defendants-respondents.



DECISION & ORDER
In a consolidated action, inter alia, to recover damages for breach of contract, Walter Eisenberg, Joseph Eisenberg, Irene Eisenberg, Michael Sedrish, and Philip Sedrish appeal, and Woodmere Rehabilitation and Health Care Center, Inc., cross-appeals, from an order of the Supreme Court, Nassau County (Stephen A. Bucaria, J.), entered August 15, 2019. The order, insofar as appealed from, (1) granted that branch of the motion of Walter Eisenberg, Joseph Eisenberg, Irene Eisenberg, Michael Sedrish, and Philip Sedrish which was for summary judgment on their first cause of action against Woodmere Rehabilitation and Health Care Center, Inc., which alleged breach of a lease, only to the extent of determining that it breached the lease by failing to surrender the subject premises "broom clean," and (2), in effect, denied that branch of their motion which was for summary judgment on their claim for unpaid use and occupancy damages for the period of April 2015 through November 2015. The order, insofar as cross-appealed from, granted the motion of Mark Zafrin and Michelman & Robinson for summary judgment dismissing the first cause of action asserted against them by Woodmere Rehabilitation and Health Care Center, Inc.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs payable by the appellants-respondents to the respondent-appellant and one bill of costs payable by the respondent-appellant to the defendants-respondents.
Through assignments and succession of interests, Woodmere Rehabilitation and Health Care Center, Inc. (hereinafter Woodmere), leased certain premises, at which it operated a 186-bed nursing home, from Walter Eisenberg, Joseph Eisenberg, and Irene Eisenberg, as trustees under the last will and testament of Alex Eisenberg, and Michael Sedrish and Philip Sedrish, as trustees of certain trusts of Louis E. Sedrish (hereinafter collectively the trustees). In October 2014, [*2]Woodmere became aware of the trustees' intention to evict it at the expiration of the lease term on November 30, 2014. Woodmere thereafter submitted to the New York State Department of Health (hereinafter DOH) a closure plan, and received approval from the DOH to temporarily decertify the 186 beds it was licensed to operate at the trustees' building, pending its construction of a new facility on adjacent property.
In January 2015, the trustees commenced a holdover proceeding against Woodmere, in which they sought use and occupancy damages. The trustees thereafter commenced an action against Woodmere, inter alia, to recover damages for breach of the lease. The trustees alleged that the premises were not surrendered "broom clean" or in the condition required by the lease.
Woodmere commenced an action against, among others, Mark Zafrin, an attorney, and Michelman & Robinson, the law firm at which he practiced (hereinafter together the Zafrin defendants), alleging, in its first cause of action, that the Zafrin defendants breached their fiduciary duties to Woodmere, generally by representing the trustees in their dispute against Woodmere after having represented Woodmere in connection with its operation of the facility at the subject premises. The holdover proceeding and the two actions were subsequently consolidated.
The trustees moved for summary judgment on their first cause of action against Woodmere and on their claim for use and occupancy damages based upon Woodmere's holding over in the subject premises. The Zafrin defendants moved for summary judgment dismissing Woodmere's first cause of action against them. In an order entered August 15, 2019, the Supreme Court determined that Woodmere had breached the lease with the trustees only to the extent that it failed to surrender the premises "broom clean." The court additionally awarded the trustees some use and occupancy damages but, in effect, denied that branch of their motion which sought such damages for the period of April 2015 through November 2015. The trustees appeal from these portions of the order.
In the same order, the Supreme Court granted the motion of the Zafrin defendants for summary judgment dismissing Woodmere's first cause of action against them. Woodmere cross-appeals from this portion of the order.
The trustees failed to demonstrate that they were entitled to summary judgment, awarding them in excess of $18 million on their first cause of action against Woodmere, based on Woodmere's alleged failure to surrender the premises in the condition required by the lease. The trustees' expert calculated these damages by examining arms-length sales of existing nursing homes to reach a sales price per bed, and then multiplying that per-bed price by 186, i.e., the number of beds that Woodmere had operated on the premises. As explained in our decision and order on a related appeal (see Woodmere Rehabilitation & Health Care Ctr., Inc. v Zafrin, ___ AD3d ___ [Appellate Division Docket No. 2017-07771; decided herewith]), Woodmere was not required by the lease to transfer to the trustees its interest in the rights granted to it by the DOH and the Public Health and Health Planning Council to operate the 186 nursing home beds (see id.). In other words, Woodmere was not required to surrender to the trustees a nursing home licensed to operate 186 beds. Thus, the trustees were not entitled to recover damages equivalent to the market value of a 186-bed nursing home. Since the trustees did not argue in the Supreme Court, and do not argue on appeal, that they were entitled to summary judgment awarding them any alternative measure of damages on their first cause of action, or that they were entitled to summary judgment on the issue of liability on their claim arising from Woodmere's alleged failure to surrender the premises in "good order, condition and repair" and a hearing on some alternative measure of damages, we do not consider those questions.
Accordingly, we affirm the portion of the order granting that branch of the trustees' motion which was for summary judgment on their first cause of action against Woodmere only to the extent of determining that Woodmere breached the lease by failing to surrender the subject premises "broom clean."
The trustees failed to demonstrate their prima facie entitlement to judgment as a matter of law on their claim for use and occupancy damages for the period April 2015 through [*3]November 2015. It is undisputed that Woodmere surrendered the keys to the premises in March 2015, and the trustees' evidence that Woodmere continued to access and use the premises thereafter constituted inadmissible hearsay and speculation (see Stock v Otis El. Co., 52 AD3d 816, 817).
As to Woodmere's cross appeal, "[t]he elements of a cause of action to recover damages for breach of fiduciary duty are (1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct" (Celauro v 4C Foods Corp., 187 AD3d 836, 837 [internal quotation marks omitted]; see McSpedon v Levine, 158 AD3d 618, 621). Here, the Zafrin defendants established their prima facie entitlement to judgment as a matter of law dismissing Woodmere's breach of fiduciary duty cause of action by demonstrating that there was no misconduct on their part that caused Woodmere to sustain damages (see Chipetine v Neu, 182 AD3d 571, 572; Beneficial Homeowner Serv. Corp. v Williams, 113 AD3d 713, 714; Palmetto Partners, L.P. v AJW Qualified Partners, LLC, 83 AD3d 804, 808). In opposition, Woodmere failed to raise a triable issue of fact. Woodmere's contention that the trustees would have agreed to a lease extension or would not have asserted their claim to an interest in the right to operate the subject nursing home beds had it not been for the conduct of the Zafrin defendants was purely speculative (see Shaffer v Gilberg, 125 AD3d 632, 634).
Woodmere's remaining contention on its cross appeal is without merit.
Accordingly, the Supreme Court properly granted the Zafrin defendants' motion for summary judgment dismissing Woodmere's first cause of action against them.
DILLON, J.P., CONNOLLY, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court