JFK Holding Company, LLC, et al., Respondents, v City of New York et al., Appellants. [891 NYS2d 32]—

Although, on a motion to dismiss pursuant to CPLR 3211, the court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]), "[i]t is well settled that bare legal conclusions and factual claims, which are either inherently incredible or flatly contradicted by documentary evidence . . . are not presumed to be true on a motion to dismiss for legal insufficiency . . . and that when the moving party offers matter extrinsic to the pleadings, the court need not assume the truthfulness of the pleaded allegations, but rather is required to determine whether the opposing party actually has a cause of action or defense, not whether he has properly stated one" (*O'Donnell, Fox & Gartner v R-2000 Corp.*, 198 AD2d 154, 154 [1993]).

Here, plaintiffs leased to the Salvation Army certain premises to be used as a homeless shelter. The lease provided that it was entered into solely to fulfill the obligations of the Salvation Army to defendant Department of Homeless Services (DHS) under a separate services agreement and further permitted termination in the event the City terminated the services agreement upon payment of a termination fee and restoration of the premises to the same condition in which it was let. There is no

language incorporating the services agreement into the lease. Article 9 of the services agreement provided only that, if the City terminates the services agreement prior to expiration of the lease and DHS elects not to cause the lease to be assigned, the DHS was obligated either (1) to continue payment of the required lease payments or (2) pay the Salvation Army the applicable termination payment. The $10 million termination payment was paid to the Salvation Army which forwarded the funds to plaintiff in payment of its lease termination fee.

Plaintiff commenced this action alleging that the City breached an oral contract in which the City agreed to assume and honor all the outstanding obligations under the lease, including but not limited to all rent, payment and restoration obligations, in exchange for which plaintiffs agreed to forgo an immediate legal action against the Salvation Army and DHS.

Defendants' dismissal motion should have been granted. While the City disputes the existence of the claimed oral agreement to forgo legal action, even if such agreement had been made it would have been invalid and unenforceable since, pursuant to NY City Charter § 394 (b) and § 328 (a), any enforceable agreement with the City must be in writing, approved as to form by the Corporation Counsel, and registered with the Comptroller (*see Granada Bldgs. v City of Kingston*, 58 NY2d 705, 708 [1982]; *Infrastructure Mgt. Sys. v County of Nassau*, 2 AD3d 784, 786 [2003]). Nor was there evidence that the lease was assumed by the City and, contrary to plaintiffs' contention, estoppel does not generally lie against municipalities (*see Matter of Parkview Assoc. v City of New York*, 71 NY2d 274, 282 [1988], *cert denied* 488 US 801 [1988]). Concur—Tom, J.P., Nardelli, Renwick and Freedman, JJ.