■ BURLINGTON INSURANCE COMPANY et al., Respondents, v UTICA FIRST INSURANCE COMPANY, Appellant. [896 NYS2d 433]—

In an action for a judgment declaring, inter alia, that the defendant is obligated to defend and indemnify the plaintiff Manlyn Development Corp. in an underlying action entitled *Wah Cheong Chow v Manlyn Development Corp.*, pending in the Supreme Court, New York County, under index No. 106846/06, the defendant appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Nassau County (Phelan, J.), entered November 17, 2008, as denied that branch of its motion which was for summary judgment declaring that it is not obligated to defend or indemnify the plaintiff Manlyn Development Corp. in the underlying action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the defendant's motion which was for summary judgment declaring that it is not obligated to defend or indemnify the plaintiff Manlyn Development Corp. in the underlying action is granted, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the defendant is not obligated to defend or indemnify the plaintiff Manlyn Development Corp. in the underlying action.

The plaintiff Manlyn Development Corp. (hereinafter Manlyn) contracted to perform work as construction manager on a renovation project at a property located in Manhattan. Manlyn subcontracted certain work at the site to New York Interiors, Ltd. (hereinafter New York Interiors), as memorialized in a purchase order. The purchase order required New York Interiors to obtain insurance in specified minimum amounts, and to name Manlyn as an additional insured on the certificate of insurance. Although the purchase order is dated June 26, 2003, it was not signed and "authorized" by Manlyn until July 9, 2003, and it was not signed by New York Interiors until July 23, 2003.

On June 27, 2003 Wah Cheong Chow, the plaintiff in the underlying action, allegedly was injured when he fell through a sidewalk cellar door at the subject site. He commenced the underlying personal injury action against Manlyn and New York Interiors. The plaintiffs herein commenced the instant action when the defendant Utica First Insurance Company, New York Interiors's insurer, refused to defend and indemnify Manlyn in the underlying action on the ground that Manlyn was not an additional insured pursuant to the terms of the policy's additional insured endorsement. The "blanket additional insured" endorsement provided that an "insured" included any person or organization the insured was required to name as an additional insured on the policy "under a written contract or written agreement." The endorsement further provided that the written contract or agreement must be, inter alia, "[c]urrently in effect or becoming effective during the terms of this policy; and . . . [e]xecuted prior to the 'bodily injury' [or] 'personal injury.' " The defendant denied coverage to Manlyn on the ground that the purchase order was not signed at the time of the underlying plaintiff's alleged injury and, therefore, had not been "executed" as of that time.

In the order appealed from, the Supreme Court, inter alia, denied that branch of the defendant's motion which was for summary judgment declaring that it was not obligated to defend or indemnify Manlyn in the underlying action. We reverse the order insofar as appealed from.

"[I]t is well settled that 'when parties set down their agreement in a clear, complete document, their writing should . . . be enforced according to its terms' " (South Rd. Assoc., LLC v International Bus. Machs. Corp., 4 NY3d 272, 277 [2005], quoting Vermont Teddy Bear Co. v 538 Madison Realty Co., 1 NY3d 470, 475 [2004]; see W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162 [1990]). The agreement "should be read as a whole to ensure that undue emphasis is not placed upon particular words and phrases" (Bailey v Fish & Neave, 8 NY3d 523, 528 [2007]; see Matter of Westmoreland Coal Co. v Entech, Inc., 100 NY2d 352, 358 [2003]). Extrinsic evidence may not be considered unless it is determined as a matter of law that the agreement is ambiguous (see South Rd. Assoc., LLC v International Bus. Machs. Corp., 4 NY3d at 278; Greenfield v Philles Records, 98 NY2d 562, 569 [2002]).

Here, the term "executed" in the additional insured endorsement does not render the policy ambiguous. "[T]hat the term 'executed' can be interpreted in two ways does not render the contract uncertain or ambiguous" (Rodless Props., L.P. v West-

*chester Fire Ins. Co.*, 40 AD3d 253, 254 [2007]). Rather, the defendant demonstrated that the contract was not "executed" at the time of the alleged accident on June 27, 2003, since it was both unsigned and had not been fully performed at that time (*id.*; *see Nicotra Group, LLC v American Safety Indem. Co.*, 48 AD3d 253, 253-254 [2008]). Moreover, there is no support for the plaintiffs' contention that the condition in the additional insured endorsement that the contract be "executed" prior to the bodily injury or personal injury could be satisfied by partial performance. Accordingly, that branch of the defendant's motion which was for summary judgment declaring that it was not required to defend or indemnify Manlyn in the underlying action should have been granted.

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the defendant is not obligated to defend and indemnify the plaintiff Manlyn Development Corp. in the underlying action (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]).

In light of our determination, the defendant's remaining contention has been rendered academic. Santucci, J.P., Dickerson, Chambers and Sgroi, JJ., concur.