■ EMPIRE BUILDERS & DEVELOPERS, INC., et al., Respondents, v DELOS INSURANCE COMPANY, Respondent, and SCOTTSDALE INSURANCE COMPANY, Appellant. [910 NYS2d 548]—

In an action, inter alia, for a judgment declaring that the defendants are obligated to defend and indemnify the plaintiffs in an underlying action entitled *Bermejo v 187 20th Realty, Inc.*, pending in the Supreme Court, Kings County, under index No. 24851/06, the defendant Scottsdale Insurance Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated March 16, 2010, as denied that branch of its motion which was, in effect, for summary judgment dismissing the causes of action to recover damages for breach of contract and all cross claims insofar as asserted against it, and declaring that it is not obligated to defend and indemnify the plaintiffs in the underlying action, and granted that branch of the plaintiffs' cross motion which was, in effect, for summary judgment on the complaint and declaring that it is so obligated.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion of the defendant Scottsdale Insurance Company which was, in effect, for summary judgment dismissing the causes of action to recover damages for breach of contract and all cross claims insofar as asserted against it, and declaring that it is not obligated to defend or indemnify the plaintiffs in an underlying action entitled *Bermejo v 187 20th Realty, Inc.*, pending in the Supreme

Court, Kings County, under index No. 24851/06 is granted, that branch of the plaintiffs' cross motion which was, in effect, for summary judgment on the complaint insofar as asserted against the defendant Scottsdale Insurance Company and declaring that the defendant Scottsdale Insurance Company is so obligated is denied, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the defendant Scottsdale Insurance Company is not obligated to defend or indemnify the plaintiffs in the underlying action.

The plaintiff Empire Builders & Developers, Inc. (hereinafter Empire), was the construction manager for a construction project that was undertaken on property owned by the plaintiff 187 20th Realty Corp. (hereinafter Realty). Although an agent of Empire testified at his deposition that he had a verbal understanding with an agent of one of the subcontractors, Lecapife Corp. (hereinafter Lecapife), that Lecapife would provide Empire with additional insurance, there was no written agreement requiring Lecapife to afford additional insured status to either Empire or Realty, and the insurance policy issued to Lecapife by the defendant Scottsdale Insurance Company (hereinafter Scottsdale) did not list either Empire or Realty as an additional insured. When a personal injury action was commenced against Empire and Realty by the estate of a Lecapife employee who was killed while working at the construction site, Empire and Realty sought to have Scottsdale defend and indemnify them in that action. Scottsdale, however, disclaimed coverage.

The plaintiffs commenced this action, alleging, inter alia, that Scottsdale was obligated to defend and indemnify them in the underlying action. The Supreme Court denied that branch of Scottsdale's motion which was, in effect, for summary judgment dismissing the causes of action to recover damages for breach of contract and all cross claims insofar as asserted against it, and declaring that it was not obligated to defend and indemnify the plaintiffs in the underlying action, and granted that branch of the plaintiffs' cross motion which was, in effect, for summary judgment on the complaint and declaring that Scottsdale was so obligated.

The insurance policy issued by Scottsdale to Lecapife contained a "Blanket Additional Insured Endorsement" (hereinafter the endorsement), which provided that the definition of an "insured" included "any person or organization (called additional insured) whom you are required to add as an additional insured on this policy under a written contract, agreement or permit which must be . . . executed prior to the 'bodily injury,' 'property damage,' 'personal injury,' or 'advertising injury.' " In

support of its motion for summary judgment, Scottsdale made a prima facie showing that the plaintiffs did not qualify as additional insureds under the endorsement. Specifically, Scottsdale demonstrated that, even if the verbal understanding between Empire's agent and Lecapife's agent constituted an "agreement" to have the plaintiffs named as additional insureds within the meaning of the endorsement (*see Superior Ice Rink, Inc. v Nescon Contr. Corp.*, 52 AD3d 688 [2008]), the endorsement's further requirement that the agreement be "executed" prior to the loss for which coverage is sought was not satisfied, since the agreement was neither reflected in a signed document (*see Burlington Ins. Co. v Utica First Ins. Co.*, 71 AD3d 712, 714 [2010]; *Nicotra Group, LLC v American Safety Indem. Co.*, 48 AD3d 253, 253-254 [2008]) nor fully performed by the parties (*see Burlington Ins. Co. v Utica First Ins. Co.*, 71 AD3d at 714). Concomitantly, the plaintiffs, in support of their cross motion for summary judgment, failed to make a prima facie showing that they were entitled to coverage under Lecapife's policy with Scottsdale, and in opposition to Scottsdale's prima facie showing, they failed to raise a triable issue of fact.

Accordingly, the Supreme Court should have granted that branch of Scottsdale's motion which was, in effect, for summary judgment dismissing the causes of action to recover damages for breach of contract and all cross claims insofar as asserted against it, and declaring that it is not obligated to defend or indemnify the plaintiffs in the underlying action, and should have denied that branch of the plaintiffs' cross motion which was, in effect, for summary judgment on the complaint and declaring that Scottsdale is so obligated.

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that Scottsdale is not obligated to defend and indemnify the plaintiffs in the underlying action (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Prudenti, P.J., Covello, Florio and Belen, JJ., concur.