LEROY JACKSON et al., Appellants, v YAM HOLDING CORP. et al., Respondents. [948 NYS2d 389]—

In January 2010, the plaintiff Leroy Jackson and his company, the plaintiff Block Ice Corporation (hereinafter together the Jackson plaintiffs) entered into a five-year lease (hereinafter the lease) with the defendant YAM Holding Corporation (hereinafter YAM) for space inside a warehouse owned by YAM (hereinafter the premises). According to the complaint, the Jackson plaintiffs intended to use the premises as a catering and party hall, as well as for running a catering business. However, upon taking possession of the premises, the Jackson plaintiffs learned that the space was not zoned for use as a catering or party hall, and in order to obtain a certificate of occupancy permitting such use, a sprinkler system and water mains would have to be installed in the building. The owner of YAM and the defendant Haifa Smoked Fish, Inc., refused to pay for the installation. Thereafter, the plaintiffs commenced this action, inter alia, to recover damages for breach of contract and breach of the obligation "to act in good faith in carrying out the terms of the subject lease."

In the order appealed from, the Supreme Court, inter alia, granted that branch of the defendants' motion which was to dismiss the first and second causes of action pursuant to CPLR 3211 (a) (1) and (7). The plaintiffs appeal, and we affirm the order insofar as appealed from.

A motion pursuant to CPLR 3211 (a) (1) may be granted "only where the documentary evidence utterly refutes the plaintiff's

factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *see Leon v Martinez*, 84 NY2d 83, 88 [1994]).

Here, the documentary evidence submitted by the defendants conclusively established that the defendants did not constructively evict the plaintiffs or breach the lease by failing to install a sprinkler system and water main as the plaintiffs requested in order to utilize the premises as a catering hall. In this regard, the lease provided that the Jackson plaintiffs were to use and occupy the premises "for Catering and for no other purpose." The lease included provisions stating that the Jackson plaintiffs had examined, and were fully familiar with, the physical condition of the demised premises, accepted the premises "as is," and that no representations or promises had been made regarding the condition of the demised premises. In addition, the lease provided that if any government agency recommended the installation of a sprinkler system by reason of the Jackson plaintiffs' business, it was the Jackson plaintiffs' responsibility to pay for such installation.

Contrary to the plaintiffs' contention, the Supreme Court properly declined to consider the extrinsic evidence, consisting of an affidavit that the plaintiffs offered to show the parties' intent regarding the Jackson plaintiffs' use of the premises. "Extrinsic evidence of the parties' intent may be considered only if the agreement is ambiguous, which is an issue of law for the courts to decide" (*Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]; *see South Rd. Assoc., LLC v International Bus. Machs. Corp.*, 4 NY3d 272, 278 [2005]; *W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]; *Great Am. Restoration Servs., Inc. v Lenti*, 94 AD3d 1053 [2012]; *Burlington Ins. Co. v Utica First Ins. Co.*, 71 AD3d 712 [2010]). "A contract is unambiguous if the language it uses has 'a definite and precise meaning, unattended by danger of misconception in the purport of the [agreement] itself, and concerning which there is no reasonable basis for a difference of opinion' " (*Greenfield v Philles Records*, 98 NY2d at 569, quoting *Breed v Insurance Co. of N. Am.*, 46 NY2d 351, 355 [1978]). "Thus, if the agreement on its face is reasonably susceptible of only one meaning, a court is not free to alter the contract to reflect its personal notions of fairness and equity" (*Greenfield v Philles Records*, 98 NY2d at 569-570; *see e.g. Teichman v Community Hosp. of W. Suffolk*, 87 NY2d 514, 520 [1996]; *First Natl. Stores v Yellowstone Shopping Ctr.*, 21 NY2d 630, 638 [1968]).

Here, the Supreme Court properly determined that the word "catering" has "a definite and precise meaning" (*Breed v Insur-*

*ance Co. of N. Am.*, 46 NY2d at 355). Contrary to the plaintiffs' contention, the dictionary entry they rely upon limits the definition of catering to providing a supply of food or providing goods or services, and does not include providing the venue. Thus, the lease provisions at issue do not conflict with one another regarding the permitted use of the premises and, therefore, no basis exists to permit the consideration of the affidavit proffered by the plaintiffs.

The plaintiffs' remaining contentions are without merit. Skelos, J.P., Dickerson, Leventhal and Roman, JJ., concur.