■ ROXANA ROBINSON, Appellant, v BROOKS SHOPPING CENTERS, LLC, et al., Respondents. MACERICH MANAGEMENT Co. et al., Third-Party Plaintiffs-Appellants, v MONTESANO BROS., INC., Third-Party Defendant-Respondent. MACERICH MANAGEMENT Co. et al., Second Third-Party Plaintiffs-Appellants, v UGL SERVICES UNICCO OPERATIONS Co., Formerly Known as UNICCO SERVICE COMPANY, Doing Business as UGL UNICCO, Second Third-Party Defendant-Respondent. [50 NYS3d 46]—

Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered September 23, 2015, which, to the extent appealed and cross-appealed from, granted the respective motions of defendants/third-party plaintiffs/second third-party plaintiffs (defendants), third-party defendant, and second third-party defendant insofar as they sought summary judgment dismissing the complaint, denied defendants' motion to the extent it sought summary judgment on claims for common-law and contractual indemnification against third-party defendant and second third-party defendant, granted second third-party defendant's motion for summary judgment dismissing the second third-party claims for common-law and contractual indemnification, and dismissed defendants' third-party claims for common-law and contractual indemnification against third-party defendant, unanimously modified, on the law, to vacate the dismissal of defendants' third-party claim for contractual indemnification against third-party defendant Montesano Brothers, Inc. (Montesano), and otherwise affirmed, without costs.

Plaintiff's description of the alleged defect that caused her fall as an "uneven spot" that "wasn't as level as the other side" of a "little ridge" of concrete in the ground, without more, establishes that the alleged defect was trivial and nonactionable (see Hutchinson v Sheridan Hill House Corp., 26 NY3d 66 [2015]; Marcus v Namdor, Inc., 46 AD3d 373, 374 [1st Dept 2007]). Moreover, defendants established that they had no notice of the alleged defect (see Coleman v New York City Hous. Auth., 12 AD3d 281 [1st Dept 2004]).

The third-party and second third-party claims for common-law indemnification were properly dismissed, since the complaint alleges that defendants were liable based on their own wrongdoing in failing to maintain the premises (*Great Am. Ins. Cos. v Bearcat Fin. Servs., Inc.*, 90 AD3d 533 [1st Dept 2011], *lv dismissed* 18 NY3d 951 [2012]).

The second third-party claim for contractual indemnification was also properly dismissed. The indemnification provision in UGL Services Unicco Operations Co.'s (UGL) contract requires UGL to indemnify defendants for property damage, bodily injury, or death only arising out of or related to UGL's negligence. Because UGL was not negligent, defendants are not entitled to contractual indemnification from it.

The indemnification provision in Montesano's contract was more broad and required Montesano to indemnify defendants for liability, damage, etc., "resulting from, arising out of or occurring in connection with the execution of the Work," including attorneys' fees. Thus, although there was no negligence here, to the extent defendants incurred costs connected with Montesano's execution of its work, which included constructing/resurfacing roads and sidewalks on this shopping center renovation project, Montesano is required to indemnify defendants. Accordingly, the order should be modified to vacate the dismissal of defendants' contractual indemnification claim against Montesano.

We have considered appellants' remaining contentions and find them unavailing. Concur—Tom, J.P., Acosta, Richter, Manzanet-Daniels and Kahn, JJ. **[Prior Case History: 2015 NY Slip Op 32069(U).]**