■ George Nielson, Respondent, v Vornado Forest Plaza, L.L.C., Defendant, and PFNY, LLC, et al., Respondents. PFNY, LLC, et al., Third-Party Plaintiffs-Respondents, v Pro Aire Design Consultants, Inc., Third-Party Defendant-Appellant. [64 NYS3d 204]—

Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered on or about July 8, 2016, which, insofar as ap-

pealed from as limited by the briefs, denied third-party defendant's (Pro Aire) motion for summary judgment dismissing the third-party contractual indemnification and breach of contract claims, unanimously modified, on the law, to grant the motion as to the contractual indemnification claim, and otherwise affirmed, without costs.

Pro Aire established prima facie that it is not obligated to indemnify defendants/third-party plaintiffs (the PFNY defendants) under their subcontract, because plaintiff's accident cannot have been caused by any negligent act or omission on Pro Aire's part (*see Robinson v Brooks Shopping Ctrs., LLC*, 148 AD3d 522, 523 [1st Dept 2017]). Plaintiff's Labor Law §§ 240 (1) and 241 (6) claims having been dismissed, the only remaining theory of liability in this case is defective premises (the Labor Law § 200 and common-law negligence claims), and Pro Aire was not responsible for the maintenance of the ladder upon which plaintiff fell. That responsibility fell upon either the owner of the premises or the lessees of the premises (the PFNY defendants) under the lease agreement.

In opposition, defendants contend that an issue of fact as to Pro Aire's negligence is raised by plaintiff's testimony that his supervisor had directed him to continue working despite the rain. However, to the extent we may search the record to review it (*see Dunham v Hilco Constr. Co.*, 89 NY2d 425, 429-430 [1996]; *Biondi v Behrman*, 149 AD3d 562, 564-565 [1st Dept 2017]), we reject this contention. Plaintiff admitted that he left the roof hatch open and that it started raining even before he called his supervisor about the problem with the inducer motors. Further, he would have had to descend the ladder at that point regardless of whether he been directed to continue working.

In any event, even if Pro Aire could be found partially negligent, the PFNY defendants would not be entitled to contractual indemnification. The indemnification clause is unenforceable, because it requires Pro Aire to indemnify the PFNY defendants for their own negligence (*see* General Obligations Law § 5-322.1 [1]; *Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 786 [1997]; *Picaso v 345 E. 73 Owners Corp.*, 101 AD3d 511 [1st Dept 2012]).

Pro Aire failed to establish that it procured the insurance coverage for the PFNY defendants required by its contract with nonparty TCB Builders, Inc. The blanket additional insured endorsement in the policy Pro Aire obtained pursuant to that contract defined additional insured as "[a]ny person(s) or organization(s) with whom you have agreed in a valid writ-

ten contract or written agreement that such person or organization be added as an additional insured." The record contains no written agreement between Pro Aire and the PFNY defendants in which Pro Aire agreed to name the PFNY defendants as additional insureds on its policy. Concur—Renwick, J.P., Manzanet-Daniels, Andrias, Kern and Oing, JJ.

Motion for a stay pending appeal denied as academic.