IndyMac Venture, LLC v Amus (2018 NY Slip Op 05920)





IndyMac Venture, LLC v Amus


2018 NY Slip Op 05920


Decided on August 29, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 29, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2016-02132
 (Index No. 58310/12)

[*1]IndyMac Venture, LLC, respondent, 
v
Todd Amus, et al., appellants, et al., defendants.


Annette G. Hasapidis, South Salem, NY, for appellants.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Marie Polito Hofsdal of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Todd Amus and Nora Amus appeal from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Westchester County (Francesca E. Connolly, J.), dated February 22, 2016. The order and judgment of foreclosure and sale, upon an order of the same court (Robert M. DiBella, J.) dated March 27, 2015, granting the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against those defendants, granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale and directed the sale of the subject premises.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
The defendants Todd Amus and Nora Amus (hereinafter together the appellants) were the owners of the subject property, located in North Salem. They obtained a loan from IndyMac Bank, FSB (hereinafter the original lender), to finance the construction of a 12,000-square-foot extension to the property. On June 26, 2007, Todd Amus, as borrower, executed and delivered to the original lender a number of documents in connection with the loan (hereinafter collectively the loan documents), including an adjustable rate note (hereinafter the note) in the amount of $2,730,000, which was amended and supplemented by a residential construction loan addendum amending note (hereinafter the note addendum), and a residential construction loan agreement. To secure the obligations under the loan documents, the appellants executed and delivered to the original lender the subject construction loan mortgage (hereinafter the mortgage).
In 2012, the plaintiff commenced this action to foreclose the mortgage, alleging that the appellants had defaulted under the terms of the loan documents by, inter alia, failing to make the required monthly interest payments, failing to complete the construction by November 25, 2009, as required, and failing to pay the property taxes as they came due, thereby allowing liens to be filed against the property. The appellants filed a verified answer with affirmative defenses, set-offs, and counterclaims. In a prior order, the Supreme Court granted all branches of a motion by the plaintiff pursuant to CPLR 3211 to dismiss the affirmative defenses, set-offs, and counterclaims, except for that branch which was to dismiss the eighth affirmative defense, alleging that the appellants were not in default.
Subsequently, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the appellants and dismissing their eighth affirmative defense, and to appoint a referee to compute the amount due. The appellants opposed the motion. In an order dated March 27, 2015, the Supreme Court granted the motion. Thereafter, the court granted the plaintiff's subsequent motion, inter alia, for a judgment of foreclosure and sale.
"Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (Plaza Equities, LLC v Lamberti, 118 AD3d 688, 689; see Deutsche Bank Natl. Trust Co. v Iarrobino, 159 AD3d 670; Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 684; Deutsche Bank Natl. Trust Co. v Abdan, 131 AD3d 1001, 1002). At issue on this appeal is whether the plaintiff established the appellants' default in meeting their obligations under the terms of the loan documents.
The appellants contend, first, that they did not default in making interest payments on the dates alleged, because pursuant to the terms of the loan documents, monthly interest payments were not due to begin until January 1, 2010, a month after the date by which construction was to have been completed, i.e., after the "Construction Period." There is no merit to this contention.
"[A] written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (Greenfield v Philles Records, 98 NY2d 562, 569; see G3-Purves St., LLC v Thomson Purves, LLC, 101 AD3d 37, 40; Etzion v Etzion, 84 AD3d 1015, 1016). "Where the terms of an agreement are unambiguous, interpretation is a question of law for the court" (G3-Purves St., LLC v Thomson Purves, LLC, 101 AD3d at 40; see Aivaliotis v Continental Broker-Dealer Corp., 30 AD3d 446, 447). "A written contract will be read as a whole, and every part will be interpreted with reference to the whole; and if possible it will be so interpreted as to give effect to its general purpose" (Matter of Westmoreland Coal Co. v Entech, Inc., 100 NY2d 352, 358 [internal quotation marks omitted]; see Beal Sav. Bank v Sommer, 8 NY3d 318, 324-325; CNR Healthcare Network, Inc. v 86 Lefferts Corp., 59 AD3d 486, 489). It is important not to distort the meaning of a writing by placing "excessive emphasis . . . upon particular words or phrases" (South Rd. Assoc., LLC v International Bus. Machs. Corp., 4 NY3d 272, 277; see Bailey v Fish & Neave, 8 NY3d 523, 528; Matter of Westmoreland Coal Co. v Entech, Inc., 100 NY2d at 358; Burlington Ins. Co. v Utica First Ins. Co., 71 AD3d 712, 713; CNR Healthcare Network, Inc. v 86 Lefferts Corp., 59 AD3d at 489).
Here, pursuant to the note, Todd Amus agreed that he would "pay interest beginning on the Permanent Loan Commencement Date," i.e., January 1, 2010, and would "make these payments every month until [he had] paid all the principal and interest and any other charges" he might owe under the note. However, Todd Amus also executed the note addendum, which was incorporated into and "deemed to amend and supplement the Note," and in which he agreed to its terms "[n]otwithstanding anything to the contrary set forth in the Note." The note addendum provided in section 2(A), entitled "Interest During the Construction Period," that during the Construction Period, Todd Amus would "pay interest . . . on the amount advanced," and that he would "make payments each month in the amount of the interest accrued for the prior month on or before the first (1st) day of each month." In section 5 of the note addendum, entitled "EVENTS OF DEFAULT AND ACCELERATION OF THE DEBT," Todd Amus agreed that the note holder could accelerate the debt and "declare the entire unpaid principal balance and accrued interest due and payable . . . if any payment of interest is not made when due during the Construction Period."
Thus, "according to the plain meaning" of the above-quoted terms (Greenfield v Philles Records, 98 NY2d at 569), Todd Amus, as borrower, agreed that he was obligated to make interest payments to the note holder during the Construction Period, as interest accrued on the money advanced to him, and that the failure to make such payments when due would be deemed a default, upon which the note holder would be authorized to accelerate the debt.
Contrary to the appellants' contention, the plaintiff submitted evidence establishing, prima facie, that the appellants defaulted in making their monthly interest payments. In opposition, the appellants failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; [*2]Zuckerman v City of New York, 49 NY2d 557, 562).
The appellants' remaining contention is improperly raised for the first time on appeal.
Accordingly, we agree with the Supreme Court's determination to award the plaintiff summary judgment on the complaint insofar as asserted against the appellants and dismissing their eighth affirmative defense.
RIVERA, J.P., HINDS-RADIX, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court