Assevero v Hamilton & Church Props., LLC (2020 NY Slip Op 07529)





Assevero v Hamilton & Church Props., LLC


2020 NY Slip Op 07529


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOHN M. LEVENTHAL
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2017-07316
 (Index No. 33051/08)

[*1]Lucy Assevero, etc., plaintiff, 
v
Hamilton & Church Properties, LLC, defendant second third-party plaintiff-appellant; Scottsdale Insurance Company, second third-party defendant-respondent (and other third-party actions).


French & Casey, LLP (Carol R. Finocchio, New York, NY, of counsel), for defendant second third-party plaintiff-appellant.
Kennedys CMK LLP, New York, NY (Denise Marra DePekary and Daniel Pickett of counsel), for second third-party defendant-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant second third-party plaintiff appeals from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated May 5, 2017. The order granted the second third-party defendant's motion for summary judgment declaring that the defendant second third-party plaintiff is not an additional insured under a policy issued to the third-party defendant, and that the second third-party defendant had no duty to defend or indemnify the defendant second third-party plaintiff in the action to recover damages for personal injuries, and denied the defendant second third-party plaintiff's cross motion for summary judgment declaring that the defendant second third-party plaintiff is an additional insured under the policy issued to the third-party defendant, and that the second third-party defendant had a duty to defend and indemnify the defendant second third-party plaintiff in the action to recover damages for personal injuries.
ORDERED that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the defendant second third-party plaintiff is not an additional insured under the policy issued to the third-party defendant, and that the second third-party defendant has no duty to defend or indemnify the defendant second third-party plaintiff in the action to recover damages for personal injuries.
The plaintiff allegedly was injured while working at premises owned by the defendant second third-party plaintiff, Hamilton & Church Properties, LLC (hereinafter Hamilton & Church). The third-party defendant, Castle Construction Group (hereinafter Castle), was a subcontractor on the job site, insured by a policy issued by the second third-party defendant, Scottsdale Insurance Company (hereinafter Scottsdale). After the plaintiff commenced this action seeking damages for personal injuries, Hamilton & Church commenced a third-party action against Castle, seeking contractual and common-law indemnification and damages for breach of contract for allegedly failing to procure insurance. Hamilton & Church also commenced a second third-party action against Scottsdale, seeking a declaration that it was an additional insured under the policy Scottsdale [*2]issued to Castle, and that Scottsdale was required to defend and indemnify it in the underlying personal injury action.
During the course of the litigation, Hamilton & Church moved, inter alia, for summary judgment on the third-party complaint, and Castle cross-moved for summary judgment dismissing the third-party complaint. In an order dated May 16, 2012, the Supreme Court, among other things, denied those branches of Hamilton & Church's motion which were for summary judgment on the third-party complaint, and granted that branch of Castle's cross motion which was for summary judgment dismissing the third-party cause of action to recover damages for breach of contract for failure to procure insurance. In deciding these motions, the court found that the subcontract did not require Castle to procure liability insurance for Hamilton & Church.
Scottsdale subsequently moved for summary judgment declaring that Hamilton & Church is not an additional insured under the policy that Scottsdale issued to Castle, and that Scottsdale had no duty to defend or indemnify Hamilton & Church in the action to recover damages for personal injuries. Hamilton & Church cross-moved for summary judgment declaring that it was an additional insured under the policy that Scottsdale issued to Castle, and that Scottsdale had a duty to defend and indemnify it in the personal injury action. The Supreme Court granted Scottsdale's motion and denied Hamilton & Church's cross motion. Hamilton & Church appeals.
Scottsdale established its prima facie entitlement to judgment as a matter of law, and Hamilton & Church failed to raise a triable issue of fact in opposition. The blanket additional insured endorsement in the policy issued by Scottsdale to Castle defines an additional insured as "any person or organization whom you are required to add as an additional insured on this policy under a written contract, written agreement or written permit." Thus, in order for Hamilton & Church to qualify as an additional insured under the policy, Castle was required to have entered into a written contract or agreement requiring it to name Hamilton & Church as an additional insured on the policy. A provision in a construction contract cannot be interpreted as requiring the procurement of additional insured coverage unless such a requirement is expressly and specifically stated (see Uddin v A.T.A. Constr. Corp., 164 AD3d 1402; 77 Water St., Inc. v JTC Painting & Decorating Corp., 148 AD3d 1092; Ramcharan v Beach 20th Realty, LLC, 94 AD3d 964). There is no provision in the subcontract expressly and specifically requiring Castle to procure additional insurance coverage for Hamilton & Church. Since there was no written agreement in which Castle agreed to name Hamilton & Church as an additional insured on the Scottsdale policy, we agree with the Supreme Court's determination that Hamilton & Church was not an additional insured under that policy (see Nielson v Vornado Forest Plaza, L.L.C., 155 AD3d 424; Empire Bldrs. & Devs., Inc. v Delos Ins. Co., 78 AD3d 759; 140 Broadway Prop. v Schindler El. Co., 73 AD3d 717). Accordingly, we agree with the court's determination granting Scottsdale's motion and denying Hamilton & Church's cross motion.
Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that Hamilton & Church is not an additional insured under the policy issued to Castle, and that Scottsdale had no duty to defend or indemnify Hamilton & Church in the action to recover damages for personal injuries (see Lanza v Wagner, 11 NY2d 317, 334).
RIVERA, J.P., LEVENTHAL, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court