RTW Retailwinds, Inc. v Colucci & Umans (2023 NY Slip Op 00831)

RTW Retailwinds, Inc. v Colucci & Umans

2023 NY Slip Op 00831

Decided on February 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 14, 2023

Before: Renwick, J.P., Gesmer, Kennedy, Scarpulla, Pitt-Burke, JJ 

Index No. 150794/20 Appeal No. 17034 Case No. 2021-03076 

[*1]RTW Retailwinds, Inc. etc., et al., Plaintiffs-Appellants,
v
Colucci & Umans et al., Defendants-Respondents.

Ressler & Ressler, New York (Ellen R. Werther of counsel), for appellants.
Furman Kornfeld & Brennan LLP, New York (Benjamin M. Oxenburg of counsel), for Colucci & Umans, Frank J. Colucci and Gregory J. Colucci, respondents.
Winget, Spadafora & Schwartzberg, LLP, New York (Anthony D. Green of counsel), for O'Reilly LP, PLLC and Brian O'Reilly, respondents.
Abrams Garfinkel Margolis Bergson, LLP, New York (Robert J. Bergson of counsel), for Gabriel & Pelaez, PLLC, Michael G. Gabriel and Andrea Pelaez, respondents.

Order, Supreme Court, New York County (Joel M. Cohen, J.), entered on or about August 13, 2021, which, to the extent appealed from as limited by the briefs, granted defendants' motions to dismiss the legal malpractice claim as against them, unanimously modified, on the law and the facts, to the extent of denying the motions as to plaintiffs' claim based on defendants' failure to produce discovery and present evidence at trial relevant to a "crowded field" defense, and the malpractice claim reinstated to that extent only, and otherwise affirmed, without costs.
Plaintiffs commenced this legal malpractice action on or about June 1, 2020 against defendant law firms and some of the individual attorneys who had represented plaintiffs before and/or during a federal copyright infringement action that resulted in a judgment against plaintiffs. Plaintiffs appeal from Supreme Court's order entered on or about August 13, 2021, to the extent that it granted defendants' motions to dismiss the legal malpractice cause of action against all defendants.[FN1]
Dismissal under CPLR § 3211(a)(1) is warranted when "documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law" (Beal Sav. Bank v Sommer, 8 NY3d 318, 324 [2007] [internal quotation marks omitted]). Allegations that are "bare legal conclusions" or that are "inherently incredible or flatly contradicted by documentary evidence" are not sufficient to withstand a motion to dismiss (see JFK Holding Co., LLC v City of New York, 68 AD3d 477, 477 [1st Dept 2009] [internal quotation marks omitted]).
To establish a cause of action for legal malpractice, plaintiff must show that: (1) the attorney was negligent; (2) the attorney's negligence was a proximate cause of plaintiff's losses; and (3) plaintiff suffered actual damages (Excelsior Capitol LLC v K&L Gates LLP, 138 AD3d 492, 492 [1st Dept 2016], lv denied 28 NY3d 906 [2016]). Plaintiff must establish that, "but for the attorney's negligence, plaintiff would have prevailed in the matter in question or would not have sustained any ascertainable damages . . . . The failure to establish proximate cause mandates the dismissal of a legal malpractice action, regardless of the negligence of the attorney" (Reibman v Senie, 302 AD2d 290, 290-291 [1st Dept 2003] [internal citations omitted]). Reasonable strategic decisions made by an attorney cannot form the basis of a cause of action for legal malpractice (see Wagner Davis P.C. v Gargano, 116 AD3d 426, 426 [1st Dept 2014]). Here, defendants presented documentary evidence on which the motion court relied in properly dismissing all but one of plaintiff's claims.
First, plaintiffs allege that they relied on defendants' legal advice when they marketed a line of apparel using the mark "NY&C VELOCITY," and failed promptly to cease and desist use of that mark after service of the copyright infringement complaint on them. That allegation is flatly contradicted by documentary evidence, [*2]including three written legal opinions in which defendants advised plaintiffs, inter alia, that someone else had owned the mark VELOCITY for clothing and performance wear since at least 2010; and, if plaintiffs nevertheless chose to "assume the risk of objection," they should only use NY&C VELOCITY as a "fully integrated mark with equal emphasis being placed on all words." The documentary evidence also establishes that plaintiffs failed to follow that advice.
Second, documentary evidence also refutes plaintiffs' claim that defendants failed to contest a pretrial consent order's stipulation as to the amount of plaintiffs' gross profits from use of the NY&C VELOCITY mark. The record demonstrates that plaintiffs consistently represented to defendants the same figure for their gross profits related to the disputed mark. The record also reflects that plaintiffs' own employees testified at their depositions that they were not aware of any way of ascertaining whether there were additional costs related to the NY&C VELOCITY products that could offset the gross profit figure.
Third, documentary evidence establishes that defendants' decision not to call witnesses, including plaintiffs' employees to whom defendants had referred in opening statements, was a reasonable strategic decision and not malpractice (see Hand v Silberman, 15 AD3d 167, 167 [1st Dept 2005], lv denied 5 NY3d 707 [2005]). The supporting evidence includes defendants' written legal opinion, delivered to plaintiffs' in-house counsel just prior to the close of plaintiff's case in the copyright infringement action, which examined the pros and cons of calling the witnesses. That correspondence advised that the risks of putting on plaintiffs' witnesses included likely credibility issues and that evidence indicating plaintiffs' "bad faith" use of the NY&C VELOCITY mark, which was not consistent with defendants' original advice, might be brought out at trial. Moreover, plaintiffs' claim that the outcome of the trial might have been favorable if defendants had presented witnesses is entirely speculative.
However, contrary to the motion court's conclusions, and viewing the evidence in the light most favorable to plaintiffs, the documentary evidence submitted by defendants did not utterly refute plaintiffs' allegations that defendants failed to produce discovery relevant to a "crowded field" affirmative defense and that this led to the exclusion of certain evidence at trial. Moreover, defendants failed to present any evidence supportive of plaintiffs' "crowded field" defense (see e.g. RiseandShine Corp. v PepsiCo, Inc., 41 F4th 112, 123 [2d Cir 2022]["[I]n a crowded field of similar marks, each member of the crowd . . . is relatively weak in its ability to prevent use by others in a crowd"] [internal quotation marks omitted]). Accordingly, defendants have not conclusively established a defense to these claims as a matter of law (see CPLR 3211[a][1]; Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314[*3], 326 [2002]). Therefore, the motion court should not have dismissed these claims. Contrary to defendants' contention, at this early stage of the action, it is not speculative for plaintiffs to allege that, but for defendants' negligence in this regard, the jury would have returned a favorable verdict, particularly where plaintiff had identified specific acts and omissions by defendants that resulted in documents relevant to a "crowded field" defense not being placed before the jury. The documentary evidence proffered by defendants also did not otherwise establish, as a matter of law, that the allegedly negligent acts or omissions of defendants in this regard were harmless.
We have considered plaintiffs' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 14, 2023

Footnotes

Footnote 1: Plaintiffs do not appeal from the motion court's dismissal of their breach of fiduciary obligation and unjust enrichment claims as duplicative of the legal malpractice cause of action.