| |
|---|
| **Savgir v City of New York** |
| 2025 NY Slip Op 32904(U) |
| August 19, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 152258/2025 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. HASA A. KINGO**                                        PART                          05M

*Justice*

-----------------------------------------------------------------------------X

DENIS SAVGIR,

        Plaintiff,

      - v -

THE CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF PARKS & RECREATION, NEW YORK
CITY DEPARTMENT OF SMALL BUSINESS SERVICES,
SOUTH STREET SEAPORT LIMITED PARTNERSHIP,
SOUTH STREET SEAPORT MUSEUM, HOWARD
HUGHES HOLDINGS, INC.,SEAPORT MUSEUM NEW
YORK, 250 DISTRICT, LLC,WAVERTREE MUSEUM

       Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 152258/2025 |
| MOTION DATE | N/A |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 22, 23, 24, 25, 26, 27, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38

were read on this motion to           DISMISS        .

Defendants South Street Seaport Museum and Seaport Museum New York (collectively, "SSM" or "the Museum") move pursuant to CPLR §§ 3211(a)(1) and (a)(7) for an order dismissing the complaint in its entirety as against them. SSM contends that it owed no duty to Plaintiff Denis Savgir ("Plaintiff") with respect to the premises where Plaintiff allegedly slipped and fell and that documentary evidence conclusively establishes that all maintenance obligations lay with South Street Seaport Limited Partnership ("SSSLP").

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff alleges that on or about July 25, 2024, he slipped and fell in an area adjacent to the ship Wavertree at Pier 16, part of the South Street Seaport complex (the "Premises"). Plaintiff claims that the Premises was in a dangerous condition due to the negligence of multiple defendants, including SSM.

SSM's motion traces the property's operational history through a sequence of leases beginning with a 1981 lease between SSM and the City of New York (the "City Lease"). SSM asserts that, by virtue of a contemporaneous Assignment and Assumption Agreement, its interests and obligations under the City Lease were fully assumed by the South Street Seaport Corporation ("SSSC"), which subsequently entered into a Marketplace Lease with Seaport Marketplace, Inc. ("SMI"). SMI then subleased to SSSLP in 1983 (the "LP Sublease").

**152258/2025   SAVGIR, DENIS vs. THE CITY OF NEW YORK ET AL**       **Page 1 of 5**
 **Motion No.  002**

1 of 5

Although the City Lease was terminated in 1995, the Marketplace Lease and LP Sublease survived, leaving SSSLP as tenant. In 2013, the City and SSSLP executed an Amended and Restated Agreement of Lease (the "Restatement"), expressly obligating SSSLP to provide maintenance and security for the "Joint Maintenance Area" depicted in Exhibit F—which includes the area where plaintiff fell.

Plaintiff commenced this action on February 19, 2025. SSM now moves to dismiss, asserting the documentary record forecloses any claim that it had maintenance responsibilities for the accident location.

## ARGUMENTS

SSM argues that the Restatement, the City Lease, and the chain of assignments conclusively establish that any maintenance duty once held by SSM was extinguished decades ago. The 2013 Restatement expressly assigns maintenance obligations for the relevant area to SSSLP, and the documentary evidence—including leases, assignments, subleases, amendments, and the Restatement's Exhibit F—constitutes classic documentary evidence under CPLR § 3211(a)(1) that utterly refutes plaintiff's claims. SSM further argues that without a legal duty, plaintiff cannot sustain a negligence cause of action (*JFK Holding Co., LLC v. City of New York*, 68 AD3d 477 [1st Dept 2009]).

Plaintiff contends that SSM's motion is premature because no discovery has occurred and that the documents SSM initially submitted were incomplete and unauthenticated. Plaintiff emphasizes that the documentary evidence must utterly refute the allegations and leave no factual issues in dispute, which Plaintiff claims has not been met. Plaintiff also argues that leases do not necessarily shield a party from liability if they created a dangerous condition, and asserts that the complaint sufficiently alleges ownership, operation, control, and maintenance of the Premises to survive a CPLR § 3211(a)(7) challenge.

SSM responds that discovery is unnecessary where documentary evidence is dispositive, citing *Jackson v. YAM Holding Corp.*, 97 AD3d 637 (2d Dept 2012), and that it has now produced the complete set of agreements Plaintiff claimed was missing, including the Assignment and Assumption Agreement, Marketplace Lease, LP Sublease, amendments, and the Termination of City Lease. These documents, together with the Restatement and its Exhibit F map, conclusively establish that SSSLP—not SSM—had maintenance responsibility at the time of Plaintiff's accident. SSM maintains it neither owned nor controlled the Premises and is not the landlord.

## DISCUSSION

### A. CPLR § 3211(a)(1) Documentary Evidence

On a motion to dismiss pursuant to CPLR § 3211(a)(1), dismissal is warranted only where the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law (*see Leon v Martinez*, 84 NY2d 83, 88 [1994]; *Sterling Fifth Assoc. v Carpentille Corp.*, 9 AD3d 261, 261 [1st Dept 2004]; *Phillips v Taco Bell Corp.*, 152 AD3d 806, 806-807 [2d Dept 2017]). To qualify as "documentary evidence" within the meaning of the statute, the evidence

152258/2025   SAVGIR, DENIS vs. THE CITY OF NEW YORK ET AL          Page 2 of 5
Motion No.  002

2 of 5

[* 2]

must be unambiguous, authentic, and undeniable, and it must utterly refute the plaintiff's factual allegations, thereby conclusively disposing of the claim (*see VXI Lux Holdco S.A.R.L v SIC Holdings, LLC*, 171 AD3d 189, 193 [1st Dept 2019]; *Art & Fashion Group Corp. v Cyclops Prod., Inc.*, 120 AD3d 436, 438 [1st Dept 2014]). Such evidence includes "judicial records, deeds, contracts, and other papers, the contents of which are essentially undeniable" (*Fontanetta v John Doe 1*, 73 AD3d 78, 86 [2d Dept 2010]). Valid leases, for example, have consistently been recognized as documentary evidence under CPLR § 3211(a)(1) (*Sunset Café, Inc. v Mett's Surf & Sports Corp.*, 103 AD3d 707, 707-708 [2d Dept 2013]).

Here, the record contains the 1981 City Lease, the Assignment and Assumption Agreement transferring SSM's obligations to SSSC, the Marketplace Lease and LP Sublease transferring obligations to SSSLP, the 1995 Termination of the City Lease, and the 2013 Restatement between the City and SSSLP. Section 14.4 of the Restatement expressly states that SSSLP "agrees to provide maintenance and security services in the areas shown on the map … Exhibit F ('Joint Maintenance Area')." Exhibit F clearly depicts the area surrounding the Wavertree at Pier 16, where Plaintiff allegedly fell.

This chain of contracts is internally consistent and unambiguous: any maintenance duty SSM might have had in 1981 was extinguished by the assignment to SSSC, decades before the 2024 accident. The Restatement in effect at the time of Plaintiff's fall imposes the relevant obligations on SSSLP, not SSM. As *in Jackson v. YAM Holding Corp., supra*, the leases "utterly refute" the allegations of ownership, operation, control, or maintenance by SSM and conclusively establish a complete defense.

## B. CPLR § 3211(a)(7) – Failure to State a Claim

On a motion to dismiss for failure to state a cause of action pursuant to CPLR § 3211(a)(7), the court must afford the pleadings a liberal construction, accept the facts alleged in the complaint as true, and accord the plaintiff the benefit of every possible favorable inference (*see Leon*, 84 NY2d at 87-88, *supra*; *JF Capital Advisors, LLC v Lightstone Group, LLC*, 25 NY3d 759, 764 [2015]). Ordinarily, the court's inquiry is confined to determining whether the facts alleged, assumed to be true, fall within any cognizable legal theory, its role being limited to assessing the legal sufficiency of the pleadings (*JF Capital Advisors*, 25 NY3d at 764, *supra*).

However, dismissal is warranted where the complaint is comprised of bare legal conclusions without supporting factual allegations (*see Godfrey v Spano*, 13 NY3d 358, 373 [2009]) or where the statements in the pleading lack the particularity necessary to give the court and the opposing parties notice of the transactions or occurrences intended to be proved, as required by CPLR § 3013 (*see Mid-Hudson Val. Fed. Credit Union v Quartararo & Lois, PLLC*, 31 NY3d 1090, 1091 [2018]; *see also Parola, Gross & Marino, P.C. v Susskind*, 43 AD3d 1020, 1021 [2d Dept 2007][ "bare legal conclusions and factual claims which are flatly contradicted by the record are not presumed to be true"]). CPLR § 3013 expressly provides that "[s]tatements in a pleading shall be sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense."

152258/2025   SAVGIR, DENIS vs. THE CITY OF NEW YORK ET AL                    Page 3 of 5
Motion No.  002

3 of 5

Thus, conclusory allegations will not suffice (*see Fowler v American Lawyer Media*, 306 AD2d 113, 113 [1st Dept 2003]; *Sheriff v Murray*, 33 AD3d 688 [2d Dept 2006]; *DiMauro v Metropolitan Suburban Bus Auth.*, 105 AD2d 236, 239 [2d Dept 1984]), and "allegations consisting of bare legal conclusions as well as factual claims flatly contradicted by documentary evidence are not entitled to such consideration" (*Garber v Board of Trustees of State Univ. of NY*, 38 AD3d 833, 834 [2d Dept 2007], quoting *Maas v Cornell Univ.*, 94 NY2d 87, 91 [1999]). Where the allegations are vague or conclusory, or are otherwise insufficiently particular to provide the requisite notice, dismissal under CPLR § 3211(a)(7) is appropriate (*see Schuckman Realty v Marine Midland Bank, N.A.*, 244 AD2d 400, 401 [2d Dept 1997]; *O'Riordan v Suffolk Ch., Local No. 852, Civ. Serv. Empls. Assn.*, 95 AD2d 800, 800 [2d Dept 1983]).

Negligence requires the existence of a duty owed by defendant to plaintiff, breach of that duty, and resulting injury (*Pasternack v. Laboratory Corp. of America Holdings*, 27 NY3d 817 [2016]). Where documentary evidence demonstrates no such duty existed, dismissal is warranted (*JFK Holding*, 68 AD3d 477, *supra*).

Here, the leases and Restatement eliminate any viable claim that SSM owed plaintiff a duty to maintain the accident location. Plaintiff's repeated allegations of "ownership" and "control" are precisely the kind of conclusory assertions that cannot withstand documentary refutation.

### C. Plaintiff's Arguments Regarding Prematurity and Incomplete Records

Plaintiff's argument that discovery is needed is unavailing. Courts routinely grant CPLR § 3211(a)(1) motions prior to discovery where the dispositive documentary evidence is before the court (*see e.g. Jackson*, 97 AD3d 637, *supra*). Here, the operative contracts are complete, authentic, and dispositive. Plaintiff's initial contention that key documents and maps were absent is rendered moot by SSM's reply submission, which provides the full contractual history, including Exhibit F.

### D. Creation of the Alleged Defect

Plaintiff's suggestion that contractual allocation of maintenance does not immunize a party that created the defect is legally correct in the abstract, but there is no factual allegation—let alone evidentiary support—that SSM performed any work at the Premises or caused the condition. Without such allegations, and in light of the conclusive contractual record, this exception does not apply.

In conclusion, the documentary evidence conclusively establishes that SSM neither owned, controlled, maintained, nor operated the accident location at the time of plaintiff's alleged injury. Absent a legal duty, Plaintiff's negligence claims cannot stand.

Accordingly, it is hereby:

ORDERED that the motion of defendants South Street Seaport Museum and Seaport Museum New York to dismiss the complaint pursuant to CPLR §§ 3211(a)(1) and (a)(7) is granted in its entirety; and it is further

**152258/2025  SAVGIR, DENIS vs. THE CITY OF NEW YORK ET AL**                    **Page 4 of 5**
**Motion No.  002**

4 of 5

[* 4]

ORDERED that the Clerk is directed to enter judgment dismissing the complaint as against said defendants, with costs and disbursements to said defendants as taxed by the Clerk; and it is further

ORDERED that the Clerk is directed to amend the caption by removing South Street Seaport Museum and Seaport Museum New York as defendants; and it is further

ORDERED that the action shall proceed against the remaining defendants.

This constitutes the decision and order of the court.

8/19/2025
**DATE**

20250819131251HKINGO2EE3951 3D2F0408083215295 0DEF0 3D

**HASA A. KINGO, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | □ DENIED | | GRANTED IN PART | | □ OTHER |
| APPLICATION: | □ | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | □ | INCLUDES TRANSFER/REASSIGN | | □ | FIDUCIARY APPOINTMENT | | □ REFERENCE |

**152258/2025   SAVGIR, DENIS vs. THE CITY OF NEW YORK ET AL**
**Motion No.  002**

**Page 5 of 5**

5 of 5